87 So.2d 640

### R. D. RAMEY

v.

### Bill GROSS, d/b/a Short Creek Coal Company.

### 6 Div. 914.

Supreme Court of Alabama.

May 24, 1956.

■■■■■■■■■■■■

Cooper, Mitch & Black, Birmingham, for appellant.

Burr, McKamy, Moore & Thomas, Birmingham, for appellee.

MERRILL, Justice.

Plaintiff Ramey sued Bill Gross, Bill Gross d/b/a Gross Coal Company, Bill Gross d/b/a Short Creek Mining Company, under the Workmen's Compensation Laws, Code 1940, Tit. 26, § 253 et seq., claiming compensation for disabilities alleged to have resulted from a disease of pneumonoconiosis which he claims he contracted while in the employ of defendant. The trial court rendered a judgment in favor of defendant and, on plaintiff's petition, certiorari was granted to review the judgment of the Circuit Court of Jefferson County.

One of the defendant's defenses was that plaintiff failed to prove that he came within the act listed in the 1953 cumulative pocket part of the Code as Title 26, § 313(9) which provides:

"Where compensation is payable under this article, the only employer liable, if any, shall be the employer in whose employment the employee was last exposed within a period of five years prior to the date of the injury, to the hazards of said disease, in each of at least twelve months. The employer who is liable shall not be entitled to contribution from any other employer of such employee."

The Circuit Court made a full, detailed and comprehensive "findings of fact" responding to the issues, but we quote only the concluding paragraph of the findings:

"The Court finds that Bill Gross was not an employer in whose employment plaintiff was last exposed, within a period of five years prior to the day of injury, to the hazards of the disease complained of in each of at least twelve months during the five-year priod prior to the date of the alleged accident, all as defined in Section 313(9), Title 26 of the Code of Alabama."

It is this finding of fact with which petitioner's brief is primarily concerned.

■ The court's "statement of law" contains a paragraph practically identical with that quoted from the "findings of fact" with the addition of the words, "and under the peculiar facts of this case". These added words are sufficient to keep the case from ever being authority for making possible "the avoidance of liability by insurers of small coal mining companies under the Workmen's Compensation Act of Alabama by a semi-annual change of partners", as urged by petitioner in brief. The courts will not permit a person, acting under the guise of a corporation, and we add, a partnership, formed for the purpose of avoiding his personal liability by such device, to evade his individual responsibility in workmen's compensation cases. Dixie Coal Min. & Mfg. Co. v. Williams, 221 Ala. 331, 128 So. 799.

The trial court's "conclusion" reads:

"Upon the findings, the Court concludes that plaintiff is not entitled to recover in that plaintiff was not exposed to the hazards of the disease complained of in each of at least twelve months within a period of five years prior to the date of the alleged injury while in the employ of the defendant."

■ Both the finding and the conclusion are supported by the evidence.

■ In our case of Jackson v. W. L. Smith Poultry Company, ante, p. 184, 85 So.2d 893, 895, we again approved what was said in Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12:

" 'On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by the trial

court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to the plaintiff. Our review here on certiorari is confined to questions of law apparent upon the face of the record. [Citing cases.]

" 'Where testimony is conflicting, but there is testimony supporting the finding of the trial court in proceedings under the Workmen's Compensation Act, such finding is conclusive. Martin v. Sloss-Sheffield, etc., 216 Ala. 500, 113 So. 578.' "

It follows that the judgment should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.