104 So.2d 475

**UNITED STATES STEEL CORPORATION,**
American Bridge Division,

v.

Wesley M. MARTIN.

6 Div. 234.

Supreme Court of Alabama.

June 26, 1958.

Hogan & Calloway and Robt. S. Vance, Birmingham, for appellee.

Burr, McKamy, Moore & Thomas, Birmingham, for appellant.

MERRILL, Justice.

Petitioner seeks review of a judgment awarding compensation to respondent under the Workmen's Compensation Law.

Petitioner argues first that there was no "accident" as provided for in the statute, Tit. 26, § 253, which provides for compensation "when personal injury or death is caused to an employee by an accident arising out of and in the course of his employment."

Respondent and other employees of petitioner were in a building on petitioner's premises which it furnished for its employees to change clothes before and after work. The shift was to begin at 8:00 a. m. on April 5, 1957, and the group were changing clothes preparatory to going to work.

The trial court's statement of facts is, in part:

" * * * The evidence is uncertain and somewhat confused as to the truth about the nature and character of the occurrence here involved. The plaintiff and one other witness claim that the plaintiff either slipped or partially fell in the room where he was changing clothes. Other witnesses indicate that there was no noticeable occurrence or accident. At any rate, very suddenly the plaintiff was stricken with a violent pain in his back region. There is no proof that he ever had any such pain before that time and the proof does not indicate that he ever suffered any disability by reason of any such condition. Prior thereto, he had followed the trade of an iron worker which calls for a very considerable physical exertion and it appears that he had been able to follow that trade without pain or discomfort. * * *"

There was positive legal evidence that respondent slipped on the wet floor as he reached for his clothes which were hanging on the wall, fell against the bench, immediately began to suffer pain in his back, was carried to the hospital in an ambulance and treated for a back condition. The weight of the evidence probably is that respondent got a catch in his back and there was no slipping or falling.

■ The rule is that on certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support the facts found by the trial court. Ramey v. Gross, 264 Ala. 360, 87 So.2d 640; Jackson v. W. L. Smith Poultry Co., 264 Ala. 184, 85 So.2d 893; Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12; Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7.

■ Petitioner next argues that the respondent's injury did not "arise out of or in the course of his employment." We have said that an employee's injury is within the prescription of these phrases of our act if, when the injury was received, the employee was either doing the work or performing the service he was engaged to do or perform, or was engaged in an act or service naturally related thereto, such as a reasonable judgment would refer either to the express or the implied elements of the contract of employment, such as a reasonable conception would conclude to be a natural incident of the employee's engagement. Within the purview of such naturally related and incidental acts in the course of the employment is the movement of the employee in entering, at the appropriate time, the employer's premises to discharge his function; his preparation to begin and to terminate his actual service; and to leave the premises at an appropriate time after the completion of his actual service. Massey v. United States Steel Corp., 264 Ala. 227, 86 So.2d 375; House v. Louisville & N. R. Co., 208 Ala. 216, 94 So. 289.

In Vol. I, Larson's Workmen's Compensation Law, §§ 21.60–21.61, p. 313, we read:

"The course of employment, for employees having a fixed time and place of work, embraces a reasonable interval before and after official working hours while the employee is on the premises engaged in preparatory or incidental acts, such as washing or changing his clothes. The rule is not limited to activities that are absolutely necessary; it is sufficient if they can be said to be reasonably incidental to the work.

"Awards have accordingly been made for injuries occurring while the employee was arranging clothes before actually beginning work, going toward the washhouse to change clothes before entering a mine, and putting on overalls in a dressing room provided for that purpose. * * *"

See 58 Am.Jur., Workmen's Compensation, § 223, p. 729.

■ We hold that the trial court correctly found that "there was an accidental injury which arose out of and in the course of the employment to the plaintiff."

■ Petitioner argues finally that the testimony of respondent's physician, Dr. Denton, "was at best highly conjectural and did not constitute the legal evidence upon which the Trial Court's conclusion should be permitted to stand." Concerning this feature, the trial court said:

" 'The evidence with reference to the permanency of any disability that the plaintiff may have is not entirely satisfactory. The attending doctor, Doctor J. Carter Denton, gives the impression of knowing his subject while testifying in this case. The Court is reasonably satisfied that the plaintiff had a complete disability for nineteen (19) weeks and five (5) days and now has a twenty percent (20%) to thirty percent (30%) disability. Doctor Denton says very frankly that this disability may increase or may decrease. At one time, he testified that he could not say the disability would be permanent. On further interrogation, the Court understands his final best judgment to be, taking into consideration all contingencies and in fairness to both sides, that there would be a twenty percent (20%) to thirty percent (30%) permanent disability of the plaintiff. The Court finds from the evidence that the plaintiff's disability—past, present, and future, as herein delineated—was caused directly by the occurrence here involved, which the Court finds to be an accident arising out of and in the course of his employment by the defendant. Since the Court is not completely satisfied with the testimony, the Court takes as its finding that the plaintiff has a twenty percent (20%) permanent disability. Of this much, the Court is reasonably satisfied from the evidence."

There was evidence to support this finding although petitioner is correct in saying that "the doctor, nevertheless would persist in qualifying his estimate of 20 to 30 percent permanent partial disability with the reservation 'might get better or might get worse.' "

It follows that this feature of the case must be affirmed. Ramey v. Gross, supra, and other authorities previously cited.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.