110 So.2d 270

### WOODWARD IRON COMPANY

v.

### Enoch KING.

### 6 Div. 109.

Supreme Court of Alabama.

March 19, 1959.

B. J. Dryer, Woodward, for appellant.

Cooper, Mitch & Black, Birmingham, for appellee.

COLEMAN, Justice.

Appellee, Enoch King, sued appellant, Woodward Iron Company, a corporation, for workmen's compensation allegedly due Enoch for permanent partial disability suffered by him during his employment by appellant. The particular disability allegedly sustained by Enoch was that he had contracted occupational pneumoconiosis compensable under the Act of the Legislature approved June 29 1951, 1951 Acts, page 426, Pocket Parts, 1940 Code of Alabama, Title 26, §§ 313(1)–313(16). The trial court found that plaintiff had "a permanent partial disability due solely to occupational pneumoconiosis in the amount of 17½ per cent" and awarded compensation accordingly. Appellant seeks review by certiorari.

The contentions of the employer are stated in brief as follows:

"We take the position that the plaintiff has failed to meet the burden of proof which rested upon him in this case and that there is not *sufficient* legal evidence to satisfy the rational mind that he is suffering from a disability as a result of contraction of the disease of occupational pneumoconiosis or aggravation thereof, but that the testimony shows overwhelmingly that the conclusions reached by the court below were unjustified and unjust and should in all good conscience be reversed by this court with an admonition to the lower courts to adhere to a policy of reasonableness and fairness in compensation cases." (Emphasis supplied.)

As we understand the rule of review by certiorari in workmen's compensation cases, the only question now before us is whether or not the conclusions of the trial court are supported "on any reasonable view of the evidence" found in the record. This court has said:

"It is insisted by the petitioner that there was no evidence to support the facts and conclusions as determined by the court. Accordingly, this Court has looked to the Bill of Exceptions to see if there is any evidence to support the conclusions reached by the trial court. This Court will not weigh the evidence as to any fact found by the trial court and if on any *reasonable view* of the evidence, the conclusions of the trial court are supported, then the finding and judgment of the trial court will not be disturbed. Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46; Hayes v. Alabama By-Products Corp., 242 Ala. 148, 5 So.2d 624; Alabama By-Products Corporation v. Winters, 234 Ala. 566, 176 So. 183; Ford v. Crystal Laundry Co., 238 Ala. 187, 189 So. 730." (Emphasis supplied.) Malbis Bakery Co. v. Collins, 245 Ala. 84, 86, 87, 15 So.2d 705, 706.

And also:

"* * * where there is any legal evidence to support the finding, such

finding is conclusive, and no technical questions as to the admissibility of evidence will be here considered. Woodward Iron Co. v. Bradford [Ala. Sup., 90 So. 803]; Ex parte H. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807." Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 220, 92 So. 458, 459.

"* * * If there is any legal evidence on any reasonable view, or reasonable inference therefrom, that supports the facts found and conclusion announced by the court, it is sufficient under the statute, and the judgment rendered will not be disturbed. * *." Woodward Iron Co. v. Jones, 217 Ala. 361, 362, 116 So. 425; Ala. Digest Workmen's Compensation ☞ 1940(c., d., e., and f.).

■ As to whether or not Enoch was actually suffering from occupational pneumonoconiosis, the evidence is in direct conflict. Dr. Joseph Welden, for the plaintiff, testified in pertinent part as follows:

"Q. Now, Doctor, on the basis of your examination of Enoch King, and on the basis of the X rays that were made of his chest, the readings thereof that you obtained, your own diagnosis of the X rays, and on the basis of the occupational history that you took from Enoch King, were you able to make any diagnosis as to whether or not he suffered from a pneumonoconiosis resulting from his occupation as a coal miner? A. Yes, sir; I felt that he did.

"Q. You felt that he did have occupational pneumonoconiosis? A. Yes, sir.

"Q. And you felt that that was a dust disease that resulted from exposure to dust in employment? Is that right? A. Yes, sir.

"Q. All right, sir. Now, were you able to reach any diagnosis on the basis of the same factors as to what, if any, disability he suffers from that occupational pneumonoconiosis alone? Now, divorce your mind of the other things he has and try to give us an estimate of disability just on the occupational pneumonoconiosis alone. A. That is an extremely hard thing to tell in Enoch because of complicating factors, but from a clinical standpoint of being his doctor and seeing all these findings, I think I would say 15 to 20 per cent disability from the respiratory occupational pneumonoconiosis."

Dr. Kellie N. Joseph, for the defendant, testified that his diagnosis was negative "for any silicosis, or occupational pneumonoconiosis on present findings," and was negative "for any definite lung disease on present findings." Dr. Joseph said further that the X-ray of Enoch's chest did not show any nodules indicating silicosis; that Enoch's real trouble was "hypertensive cardiovascular disease," and "As far as his lungs are concerned, I would recommend continued work as a miner."; and that Enoch had "secondary lung changes, probably cardiac."

Colvert v. Alabama By-Products Corporation, D.C., 115 F.Supp. 493, cited by appellant, involved questions similar to the ones here. The trial court there concluded that plaintiffs had failed to carry the burden of proof because the X-rays failed to show nodulation. While that case may be persuasive authority to a trial court weighing the evidence in the first instance, the situation is different where, as here, the question on review is to determine, not the weight of the evidence, but whether or not a determination already made by the trial court is sustained on any reasonable view of the evidence.

We cannot say there was no reasonable view of the evidence on which the trial court could conclude that Enoch did have occupational pneumonoconiosis.

Enoch had been employed by appellant for a total of eighteen years. The first

eleven years he worked underground in coal mines. Appellant's arugment further is that during the last seven years of his employment Enoch had been employed on the surface, not underground, and during those seven years was not exposed to a hazard of occupational pneumonoconiosis which was greater than the hazards of such disease attending employment in general. This contention is based on testimony to the effect that samples of air taken in and about the places where Enoch last worked on the surface showed that the hazard to which he was there exposed, in so far as pneumonoconiosis is concerned, was no greater than the hazard from air found on the streets and in the courtrooms in Bessemer and Birmingham.

We are not persuaded, however, that there is no reasonable view of the evidence to support the court's finding that Enoch's employment did subject him to a greater hazard in that respect than is to be found in employment in general. Without undertaking to set out all the evidence, we note that plaintiff spent "probably about 40 per cent of his time" unloading rock dust, which contained 1.80 per cent silica, that the rock dust was unloaded from inside a boxcar, that "you couldn't hardly see when you got to fooling with that * * * rock dust," that after unloading the dust workmen were covered with it, that plaintiff also did work in and about loading dry sand which was composed of 40 to 70 per cent silica, and that there was some dust from this sand although the sand dust was not as great in amount as the rock dust.

After considering the entire record, we are of opinion there was sufficient legal evidence to support the findings of the trial court and that the judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.