114 So.2d 918

**William S. SIMPSON**

v.

**ALABAMA DRY DOCK AND SHIPBUILDING COMPANY.**

**1 Div. 845.**

Supreme Court of Alabama.

Oct. 8, 1959.

Vincent F. Kilborn, Mobile, for appellant.

W. B. Hand, Mobile, for appellee.

MERRILL, Justice.

This is a suit under the Alabama Workmen's Compensation Law, Tit. 26, § 253 et seq., Code 1940, instituted by William S. Simpson, the petitioner, against his employer, Alabama Dry Dock and Shipbuilding Company, a corporation.

Petitioner averred that the accident occurred on April 15, 1957, alleging that "At that time Petitioner was on a flat car and certain steel beams were being moved near and over the Petitioner so that Petitioner considered it was necessary for his own safety to jump from said flat car to the ground. In jumping your Petitioner broke several ribs and was rendered totally disabled for a great period of time and has sustained a permanent partial disability as a result of his injuries on said occasion."

Defendant admitted that both parties were subject to the Workmen's Compensation Laws and that petitioner was on the flat car on the date in question, but denied that petitioner broke ribs and was rendered totally disabled to work as a result thereof, and that he sustained a permanent partial disability on that occasion.

After setting out findings of fact, the trial court's conclusions of law are:

"The testimony in the case does not support the contention of the plaintiff that on 15 April 1957 plaintiff sustained a disabling injury while in the employment of the defendant nor that plaintiff received a broken rib or ribs as a result of the claimed fall, or that plaintiff sustained any compensable accident on said date within the applicable provisions of the Alabama Workmen's Compensation Law.

"The burden of proof in this cause, resting upon the plaintiff to sustain the allegations of his petition, requires that the plaintiff show that he sustained an accident productive of injury causing disability as claimed. This Court is of the opinion that the plaintiff has failed to meet this burden of proof. At best the plaintiff has shown that he fell from a flat car and was made sore, on a date and at a time when he had a severe respiratory infection, but his said fall has not to this court been satisfactorily shown to have produced an injury disabling him for performing the duties on which he was employed and engaged. The testimony of the witness Dr. Haas, substantially uncontradicted, convinces this Court of the soundness of this conclusion.

"The evidence failing to support the plaintiff's contention, this Court is of the opinion that the defendant should prevail."

 On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by the trial court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to plaintiff. Our review here on certiorari is confined to questions of law apparent upon the face of the record.

Where testimony is conflicting, but there is testimony supporting the finding of the trial court in proceedings under the Workmen's Compensation Act, such finding is conclusive. Ramey v. Gross, 264 Ala. 360, 87 So.2d 640; Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12. The burden of proof rests upon the petitioner to sustain the allegations of his petition. Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204.

The chief conflict in the evidence was as to the broken rib or ribs. Petitioner's testimony, if believed, indicated that he possibly received his broken rib on the date alleged. The medical testimony would indicate strongly that he received a broken rib at some time subsequent to the date that he jumped or fell off the flat car. The trial court resolved the conflict in favor of appellee.

Certain it is that there was evidence to support the conclusion reached by the trial court. This disposes of this cause under the authorities cited, supra, and the authorities cited in those cases.

It follows that the judgment should be affirmed.

Affirmed.

LAWSON, STAKELY, GOODWYN and COLEMAN, JJ., concur.