122 So.2d 924

**SAM'S PLACE**

v.

**A. J. MIDDLETON.**

**3 Div. 39.**

Court of Appeals of Alabama.

Oct. 27, 1959.

Rehearing Denied Dec. 8, 1959.

Edw. F. Reid, Andalusia, for appellant.

J. R. Tucker, Atmore, for appellee.

PRICE, Judge.

This is a proceeding under the Workmen's Compensation Law, Code 1940, Title 26, Sec. 253 et seq.

This is the second time this case has been before this court. On the first appeal the case was reversed on the ground that the trial judge failed to make the written determination required by Section 304, Title 26, Code of 1940. See Sam's Place v. Middleton, 39 Ala.App. 481, 103 So.2d 812.

On the second trial the case was again submitted on the agreed statement of facts. The trial judge has filed a statement of his conclusions, in which he determined:

"The evidence show that the Plaintiff, A. J. Middleton had a pre-existing symptomatic bilateral inguinal hernia which was aggravated by the injury he experienced while at work; the said injury producing symptoms requiring an operation, that his condition became symptomatic.

"It is, also, determined that the Plaintiff was disabled for six weeks, the said period being attributable to the blow of the abdomen, and was not attributable to the pre-existing hernia which was virtually nondisabling—and it is the opinion of this Court that the quantum of disability resulted from the blow to the stomach together with the surgical treatment which the stomach trauma required. The asymptomatic hernia flared up as a consequence of the injury.

"The evidence, also, reveals that the Plaintiff has hospital, medical and surgical expenses amounting to $420.-77.

"It is on this the 2nd day of October, 1958, ordered and determined that the Plaintiff sustained injuries on April 22, 1955 as a result of an accident arising out of and in the course of the Plaintiff's employment, that the Defendant had actual knowledge of the occurrence of said injury and that the quantum of disability was attributable to the blow to his stomach."

The court concluded and so adjudged, that claimant should recover the amount of $558.77, $138 of said sum representing compensation for a period of six weeks and the sum of $420.77 being for medical and hospital bills.

In the report of this case on the former appeal there appears a full statement of the material facts, and the rules of law applicable to the case. No useful purpose would be served by a restatement of the facts. The law of the case was also correctly stated and applied on the first appeal. We adhere to our former conclusions on this appeal.

"The rule is that on certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support the facts found by the trial court." United States Steel Corporation v. Martin, 267 Ala. 634, 104 So.2d 475, 476, and cases there cited.

The evidence, as set out in the agreed statement of fact, supports the conclusion reached by the trial court, therefore the judgment must be affirmed.

Judgment affirmed.