**616**

120 So.2d 921

Lois N. SIMMONS

v.

F. W. DODGE CORPORATION.

6 Div. 500.

Supreme Court of Alabama.

May 26, 1960.

Huie, Fernambucq & Stewart, Birmingham, for appellant.

Hobart A. McWhorter, Jr., White, Bradley, Arant, All & Rose, Birmingham, for appellee.

MERRILL, Justice.

Petitioner seeks review by certiorari of the findings and judgment of the Circuit Court of Jefferson County, denying compensation under the Workmen's Compensation Law, LSA–R.S. 23:1021 et seq., for injuries which resulted in the death of her husband.

The facts are stated in the findings of the trial court as follows:

"The deceased employee had worked for the Defendant for a number of years with his headquarters and residence in Birmingham, Alabama. He was District Manager of the Birmingham District which included the entire state of Alabama and a part of Tennessee. The company had branch offices at Montgomery and Mobile. An employee by the name of Reeves was the local representative, a reporter-salesman, in the Montgomery office. Most of the salesmen worked $37\frac{1}{2}$ to 40 hours per week but this limitation was not placed upon the deceased. He was allowed to, and frequently did, work overtime as the occasion required. He was a very loyal and faithful employee and unusually interested in the work and activity of his employees directed to the general welfare of his employer. He was permitted to travel by plane, train or automobile and was reimbursed for his expenses. As a part of his duties the

deceased did work with the individual reporter-salesman in the various branch offices. Prior to the time of his death the deceased had been somewhat concerned with the progress being made by the representative, Reeves, at the Montgomery office. Reeves had been to Birmingham for some training but there still was a question as to his ability to produce his expected quota of business. Before his departure to Montgomery, Alabama prior to his death, the deceased had indicated to his co-employee, Robert E. Remick, that he planned to go to Montgomery and work with Reeves. A similar statement was made to the deceased's wife, the Plaintiff, prior to his departure by train (on Monday, June 2).

"On June 4, 1958 around 2:00 A.M., the automobile in which the deceased was riding and which belonged to the employee, Reeves, was wrecked near the fairgrounds about two miles from Montgomery, Alabama. Marks on the roadway indicated that the car left the road at a curve and ran into a utility pole. The front end of the car was badly demolished and the two occupants severely injured. Reeves was found in the front seat on the left, seated under the wheel and deceased (Simmons) was on the right-hand side of the car. Both were taken to a local hospital, Simmons being dead on arrival and Reeves in an unconscious condition. The car was headed away from the city of Montgomery. The investigating officer detected the odor of alcoholic beverages on both occupants of the car but there is no evidence of intoxication and no charge in this litigation of misconduct.

"No company files or brief cases were found in the car. The Birmingham representative, Robert E. Remick, who came to Montgomery as soon as he learned of the accident, went to the branch office and found some of the company's files laid out on the desk or table but the clerk who worked with Mr. Reeves in the Montgomery office did not testify. The injured employee, Reeves, also did not testify it being suggested in the argument that his physical condition was such that he could not recall any of the events transpiring prior to the accident. The parties were subject to the Workmen's Compensation Law of the State of Alabama and the Defendant had notice of the accident and death of its employee. The Defendant offered no testimony."

The trial court determined "that the accident and resulting death of the deceased employee was not an accident arising out of or in the course of his employment by the defendant."

█ The rule is that on certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support the facts so found, and this rule applies whether the award or compensation is granted or denied. United States Steel Corp. v. Martin, 267 Ala. 634, 104 So.2d 475; Ramey v. Gross, 264 Ala. 360, 87 So.2d 640; Jackson v. W. L. Smith Poultry Co., 264 Ala. 184, 85 So.2d 893; Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12.

█ Stated another way, we have said that this court will not weigh the evidence as to any fact found by the trial court, but if there is any evidence, or any reasonable inference from the evidence to support the conclusion of that court, the judgment will not be disturbed. Woodward Iron Co. v. King, 268 Ala. 680, 110 So.2d 270; Williams v. Tennessee Valley Butane Co., 265 Ala. 145, 90 So.2d 84; Lucas v. Black Diamond Coal Mining Co., 262 Ala. 368, 79 So.2d 26.

█ It is apparent that the court's finding was supported by the evidence of the officer who investigated the accident around

2:00 A.M. in Montgomery, in which the employee was injured. Alabama Pipe Co. v. Wofford, 253 Ala. 610, 46 So.2d 404.

Affirmed.

LAWSON, STAKELY and GOOD-WYN, JJ., concur.