122 So.2d 925

**SAM'S PLACE**

v.

**A. J. MIDDLETON.**

3 Div. 906.

Supreme Court of Alabama.

May 26, 1960.

Rehearing Denied Sept. 15, 1960.

Edw. F. Reid, Andalusia, for petitioner.

J. R. Tucker, Atmore, for opposed.

STAKELY, Justice.

This case has twice been before the Court of Appeals. In the first appeal, which is designated as Sam's Place v. Middleton, 39 Ala.App. 481, 103 So.2d 812, the Court of Appeals reversed the lower court because the trial court failed to make the written determination required in cases of this nature under § 304, Title 26, Code of 1940. Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228.

In the first opinion the Court of Appeals, after discussing § 279(F) 1, (a), (b), (c), (d) and (e), Title 26, Code of 1940, in the light of cases from West Virginia, Tennessee and Illinois, construing similar acts, went on to suggest that the trial court make up an issue based on how much of the disability, if any, is attributable to the pre-existing hernia, which seems to have been virtually nondisabling, and the quantum of the disability caused by the blow to the stomach, together also with the disability resulting from the surgical treatment which the stomach trauma required.

The opinion of the Court of Appeals which is now before us reaffirms the principles stated by the Court of Appeals on the first appeal. However, we do not think it is necessary for us to determine whether we should follow the interpretation of the act as made by the Florida Court or follow the interpretation of the act as made by the courts of West Virginia, Tennessee and Illinois (cited in the first opinion of the Court of Appeals), because the court in its finding in the instant case has held that while the plaintiff was disabled for six weeks, the period was attributable to the blow on the abdomen and was not attributable to the pre-existing hernia, which was virtually nondisabling and went on to find that the quantum of disability was attributable to the blow on the stomach.

The Court of Appeals then also said that it would not look to the weight of the evidence as to any fact found by the trial court but simply would see if there is any evidence to support the facts found by the trial court. United States Steel Corp. v. Martin, 267 Ala. 634, 104 So.2d 475.

In view of this situation we do not find it necessary to choose between the course

apparently followed by the Florida Court and the course followed by the other courts which we have mentioned and, therefore, affirm the judgment of the Court of Appeals in the case now before us.

Affirmed.

LAWSON, MERRILL and COLEMAN, JJ., concur.