124 So.2d 263

Genevieve BULLARD

v.

W. B. MURDOCK.

I Div. 901.

Supreme Court of Alabama.

Nov. 3, 1960.

Michael J. Salmon and Vincent F. Kilborn, Mobile, for appellant.

M. A. Marsal, Mobile, for appellee.

MERRILL, Justice.

We granted certiorari to review a judgment which denied recovery under the workmen's compensation laws, Tit. 26, § 253 et seq., Code 1940, for the death of petitioner's husband.

The deceased was killed in an accident on September 17, 1951, which arose out of and in the course of his employment with the defendant, at which time, the relationship of master and servant existed between the deceased and the defendant. The action was filed March 3, 1952, but was not tried until November, 1959.

The court found as a fact that the defendant did not regularly employ as many as eight persons in his business at the time the deceased was killed and, therefore, the deceased and the defendant were not subject to the workmen's compensation laws of Alabama under Tit. 26, § 263, which provides that the laws are not applicable to an employer who regularly employs less than eight employees in one business, unless such employer accepts the provisions of the law in writing. The defendant here had not so elected.

The single question for decision is the sufficiency of the evidence as a basis for the trial court's findings of fact that the defendant did not regularly employ as many as eight persons at the time of the accident and was, therefore, not subject to the workmen's compensation laws of Alabama.

On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by the trial court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to the plaintiff. Our review here on certiorari is confined to questions of law apparent upon the face of the record. Simpson v. Alabama Dry Dock & Shipbuilding Co., 269 Ala. 635, 114 So.2d 918; Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12.

Where testimony is conflicting, but there is testimony supporting the findings of the trial court in proceedings under the workmen's compensation laws, such finding is conclusive. Ramey v. Gross, 264 Ala. 360, 87 So.2d 640.

In three different instances, the testimony shows a categorical statement that the defendant did not regularly employ or work more than seven people in the business during the year 1951. This evidence supports the fact found by the trial judge and this finding is conclusive on us. Ramey v. Gross, 264 Ala. 360, 87 So.2d 640, and authorities cited; 19A Ala.Dig., Workmen's Compensation, ⟳1940.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.