147 So.2d 801

**Prince ELLIS**

v.

**WOODWARD IRON COMPANY.**

6 Div. 625.

Supreme Court of Alabama.

Nov. 29, 1962.

D. G. Ewing, Birmingham, for appellant.

Carl G. Moebes, Woodward, and Norman K. Brown, Bessemer, for appellee.

COLEMAN, Justice.

This is a petition by an employee for certiorari to review a judgment denying workmen's compensation. § 297, Title 26, Code 1940.

Petitioner claims that he is entitled to compensation because he contracted occupational pneumonoconiosis as the result and during the course of his employment.

Petitioner is 75 years old. He worked in a coal mine from 1923 until 1959. The testimony justifies a finding that he was suffering from tuberculosis and cancer of the prostate. There is testimony that petitioner had pneumonoconiosis also. We are of opinion, however, that there is also legal evidence which supports a finding that petitioner's disability was not the result of pneumonoconiosis.

The testimony of Dr. Joseph is that he is confident that petitioner "has dust on his lungs also, but it certainly is not entering this picture to any extent," and that he,

Dr. Joseph, did not see any "silicotic fibrous anywhere there, any nodules, any nodular silicosis," in either lung and thinks "all that is due to tuberculosis."

The court found:

"* * * that the plaintiff did not contract any disabling occupational pneumonoconiosis in the course of his employment with the defendant and that all of the plaintiff's disability is due to tuberculosis of the lungs, cancer, and senility, none of which arose out of or resulted from his employment with defendant. * * *"

 On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to the plaintiff. Bullard v. Murdock, 271 Ala. 378, 124 So.2d 263.

Under that rule of review, the judgment should stand.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.