BEATTY, Justice.
The facts of this case are sufficiently set forth in the opinion of the Court of Criminal Appeals. O’Leary v. State, Ala., [MS. May 6, 1980] 417 So.2d 214 (1980). We granted certiorari to ascertain whether that opinion conflicts with the principle of law expressed in Simmons v. F. W. Dodge Corporation, 270 Ala. 616, 120 So.2d 921 (1960), viz.: that a reviewing court will not weigh evidence as to any fact found by the trial court, but if there is any evidence, or any reasonable inference from the evidence to support the conclusion of that court, the judgment will not be disturbed. See also 2A Ala. Dig., Appeal & Error, Keys 989, 996, 1010(1).
We have concluded that the Court of Criminal Appeals was in error in its application of that principle to the facts of this case. Our review of the record discloses evidence supporting the finding of the trial court holding that the respondent, O’Leary, had been arraigned in the trial court.
Two hearings were conducted by the trial court in order to determine whether, in fact, the respondent had been arraigned. During the first hearing the evidence of this fact was sharply disputed: the sheriff, an investigator, and a juror testified to an arraignment having taken place while, on the other hand, the petitioner’s two lawyers testified that none had occurred, and they introduced the affidavit of three other lawyers to that same effect. Based on the evidence adduced at that hearing, the trial court found that an arraignment had occurred and corrected the record accordingly. Later, in accordance with the writ of mandamus issued by the Court of Criminal Appeals, the trial court conducted another hearing, which included testimony of the court reporter, the introduction of a transcript of the reporter’s notes, and testimony of the respondent himself, all supporting the conclusion that an arraignment had not taken place.
In reaching its conclusion that the record did not affirmatively show that the defendant/respondent pleaded to the indictment, the Court of Criminal Appeals doubtless gave great, and in our judgment, undue weight to the transcript of the court reporter’s stenographic notes, which did not reflect an arraignment, although that court also considered the unanimous testimony of the respondent’s attorneys. In this, we have concluded, the Court of Criminal Appeals has erred, for the effect of its decision, in the face of this disputed fact, has been to give preferential treatment to one form of evidence over another, rather than to follow the rule of review to which we have heretofore referred. We have been cited to no authority which gives to a court reporter’s stenographic notes a conclusive presumption of accuracy or otherwise prevents their content from being impeached or contradicted. Any such conclusion aside, there was evidence on both sides of the issue presented to the trial court. When the trial judge sits as a finder of fact and hears and observes witnesses as they speak, his judgment is presumed correct and will not be reversed if it is supported by legal evidence and is not clearly wrong and unjust. Barbour v. Department of Pensions & Security, Ala.Civ.App., 367 So.2d 470 (1978).
For these reasons the judgment of the Court of Criminal Appeals must be, and is, reversed and this cause is remanded for an order not inconsistent with this opinion.
REVERSED AND REMANDED.
*219 TORBERT, C. J., and MADDOX, FAULKNER, JONES, SHORES and EM-BRY, JJ., concur.
ALMON and ADAMS, JJ., not sitting.