HARRIS, Judge.
Appellant was indicted by the Madison County Grand Jury for the offense of murder under § 13A-6-2, Code of Alabama *587 1975. The jury returned a verdict of guilty and the court sentenced the appellant to life imprisonment. Appellant does not raise the sufficiency of the evidence as an issue on appeal.
Appellant asserts in brief that his conviction cannot stand because he was never arraigned on the charge against him. Because the record reflects an unresolved conflict on this issue, we find it necessary to remand this case for the trial court to hold a hearing to resolve this matter.
The record reflects an order entered by the trial court, dated July 2, 1982, which appears in pertinent part as follows:
“ORDER
“On the 28th day of June, 1982, in open Court, came the Honorable Tim Morgan, Assistant District Attorney who prosecutes for the State, and also came the defendant Norman F. Marsden in his own proper person and with his attorney, the Honorable Harvey B. Morris, of Huntsville. Upon being duly and properly arraigned in open Court upon a charge of Murder, the defendant says that he is not guilty. Issue is joined.”
The criminal case history, included in the record, also reflects an arraignment date of June 28, 1982, but indicates that a plea of guilty as charged, rather than not guilty, was entered by appellant.
On August 12, 1982, appellant filed a timely motion for judgment of acquittal, or in the alternative, motion for new trial, asserting the following:
“41. That the Court erred in failing to arraign the Defendant prior to the trial of this case, as is shown by the affidavits attached hereto and incorporated herein by reference as Exhibits ‘B’, ‘C’, and ‘D’.
“42. That the Defendant’s conviction cannot stand where he entered no plea prior to the trial of this case.”
Attached to the motion are affidavits by appellant and both of his trial counsel which state that appellant was never called before the court to enter a plea, either through his own person, or through his counsel.
Although appellant requested a hearing and the opportunity for oral argument on his motion, the trial court never heard argument nor ruled on the motion in any fashion. The motion was deemed denied by operation of law under A.R.Crim.P. Temp. 12.3(f)(1) and 13(d) after the motion remained pending sixty days in the trial court.
Neither the trial judge nor the prosecutor has filed opposing affidavits in the record to deny appellant’s assertion of the lack of arraignment.
The court reporter’s transcript of the matters which preceded the empaneling and swearing of the jury, does not reflect that appellant was arraigned by the trial court on June 28, 1982, prior to trial, as stated in the judge’s order.
It is well established that recitals in the judgment entry import absolute verity, unless contradicted by other portions of the record. Jones v. State, 373 So.2d 1221 (Ala.Cr.App.), cert. denied 373 So.2d 1225 (Ala.1979), overruled on other grounds, Ex parte Wilcox, 401 So.2d 794 (Ala.1981); Davis v. State, 348 So.2d 847 (Ala.1977).
While such an entry may not be disregarded on appeal, we do find present an unresolved conflict in the record raised by the motion for new trial and attached affidavits. See Holloway v. State, 37 Ala.App. 96, 64 So.2d 115 (1952), cert. denied 258 Ala. 558, 64 So.2d 121 (1953). Because there was no hearing or ruling by the trial judge on the motion in this regard, the issue remains unresolved. This case may therefore be distinguished from Holloway, supra, where the attorney’s affidavit was introduced at the actual hearing held on the motion for new trial.
Of course, we are aware that there is no authority which gives to a court reporter’s stenographic notes a conclusive presumption of accuracy or which prevents their content from being impeached or contradicted. O’Leary v. State, 417 So.2d 217 (Ala.1981). We do not rely upon this hiatus, however, to determine that a conflict exists. Rather, we look to the transcript merely as providing further indication that a conflict does exist.
*588 The appellant’s timely presented motion for new trial and attached affidavits, uncontradicted by the trial court or prosecutor, provide evidence in the record to support appellant’s assertion that appellant was not arraigned. See, Ex parte Town of Gulf Shores, 412 So.2d 1259 (Ala.Cr.App.1982). Conner v. State, 382 So.2d 601 (Ala.Cr.App.1979), cert. denied 382 So.2d 605 (Ala.1980). While appellant did not file an A.R.A.P. 10(f) motion requesting that the record be corrected by the trial court, the trial court was presented with the request and opportunity to take such action by the motion for new trial and the attached affidavits. As well, this court is presented with the issue in reviewing the denial of the motion for new trial.
This is unlike the situation in Tyus v. State, 347 So.2d 1377 (Ala.Cr.App.), cert. denied 347 So.2d 1384 (1977), in which an ex parte affidavit, which was not made a part of the trial record, was submitted to this court for consideration on appeal.
This case is remanded to the trial court with instructions to hold a hearing to resolve the conflict, apparent from the record, as to whether appellant was arraigned as required to sustain appellant’s conviction of the crime charged.
Remanded with directions.
All the Judges concur.