SAM A. BEATTY, Retired Justice.
National Linen Service appeals from a judgment awarding workers’ compensation *559 benefits to Max Chandler. We reverse and remand.
On Saturday, May 1, 1993, Chandler was performing his usual and customary duties for National Linen, which included lifting heavy bags of soiled linen and loading them onto a truck. When he picked up a bag of approximately 30 overalls, he felt a burning sensation in the navel area of his abdomen. He massaged the area, and after the pain decreased, finished his route before going home. Chandler testified that for approximately 13 years he had had in his navel area a hernia that was the size of a dime or a small grape, but he stated that it had never caused him any medical problems or interfered with his ability to work. After he felt the burning sensation, he says, he noticed that the hernia had increased to the size of an egg, and, although the burning sensation decreased, the area remained painful and sore. Two days later, he noticed a circular area of redness around the hernia, which prompted him to seek medical evaluation. He went to the emergency room, where a surgeon diagnosed an incarcerated umbilical hernia and performed emergency surgery.
Chandler filed an action against National Linen for workers’ compensation benefits. After a hearing, the trial court found that Chandler suffered an injury on May 1, 1993, that resulted in an incarcerated umbilical hernia. The trial court noted that Chandler’s doctor testified that the injury was consistent with Chandler’s having lifted a heavy bag, and that the hernia he repaired was caused by the lifting action and not the pre-existing hernia. The trial court further found that Chandler’s pre-existing hernia was nondisabling in nature and, therefore, “did not exist” before the injury on May 1, 1993, citing Sam’s Place v. Middleton, 39 Ala.App. 481, 103 So.2d 812 (1958), 41 Ala.App. 13, 122 So.2d 924 (1959), aff'd, 271 Ala. 226, 122 So.2d 925 (1960). The trial court held that Chandler had satisfied the requirements of § 25-5-57(a)(6), Ala.Code 1975, which lists five elements that must be proven before workers’ compensation benefits may be awarded for a hernia, and awarded benefits to Chandler.
On appeal, National Linen contends that the trial court should have found that Chandler had a pre-existing hernia, a finding that would preclude an award of workers’ compensation benefits. We agree. Because we conclude that Chandler is not entitled to any benefits, we need not address the remaining issues argued by National Linen.
Section 25-5-57(a)(6)a. states that all of the following must be definitely proven to the satisfaction of the court before workers’ compensation benefits can be awarded for hernia:
“1. That there was an injury resulting in hernia.
“2. That the hernia appeared suddenly.
• “3. That it was accompanied by pain.
“4. That the hernia immediately followed an accident.
“5. That the hernia did not exist prior to the accident for which compensation is claimed.”
We have examined the record, which affirmatively discloses that Chandler did have a hernia that pre-existed his employment with National Linen. Moreover, the record affirmatively shows that the benefits awarded by the trial court were for an injury that aggravated that pre-existing herniated condition. An award of benefits to Chandler is clearly barred under § 25-5-57(a)(6)a.5.
Chandler argues that Sam’s Place, cited by the trial court, allows an award of workers’ compensation benefits despite a pre-ex-isting hernia if the pre-existing condition is asymptomatic. The employee in Sam’s Place had a pre-existing hernia that did not prevent him from performing his usual duties as an automobile mechanic. He was injured while he was grinding a 40-pound cylinder head that was thrown by a high-speed grinding wheel into his stomach. 39 Ala.App. at 482-83, 103 So.2d at 813. Under the particular facts of that case, the trial court determined that the employee’s disability was attributable to the blow to his stomach. 41 Ala.App. at 14, 122 So.2d at 924. That finding was affirmed by the court of appeals and our supreme court under the “any evidence” standard of review. 271 Ala. at 226-27, 122 So.2d at 926; 41 Ala.App. at 14, 122 So.2d at 925. We conclude that Sam’s Place is distin *560 guishable from the facts of the case before us and does not negate the clear intent of § 25-5-57(a)(6)a.5. to exclude those with pre-exist-ing hernias from entitlement to workers’ compensation benefits.
We take note of Schlumberger Industries, Inc. v. Moore, 656 So.2d 818 (Ala.Civ.App.1994), cited in the dissent, but find it to be distinguishable from this case. In Schlum-berger, although the employee had suffered from other hernias before the claimed accident, his previous herniated condition had been surgically corrected. This court concluded that after surgery, the employee did not have a previously existing hernia at the time of his subsequent accident. On the other hand, in this case, Chandler’s herniated condition had not been corrected and clearly existed at the time of this accident.
This court adopted the following standard of review in workers’ compensation cases under the Alabama Workers’ Compensation Act, as amended in May 1992.
“We will view the facts in the light most favorable to the findings of the trial court. The trial court’s judgment will not be reversed unless it is clear that the trial court’s findings are manifestly contrary to the evidence as contained in the record as a whole or unless it is clear that fair-minded persons in the exercise of impartial judgment would adopt a contrary conclusion.”
Whitsett v. BAMSI, Inc., 652 So.2d 287, 289 (Ala.Civ.App.1994). The trial court’s finding that Chandler’s hernia did not exist before the accident for which he claims compensation is manifestly contrary to the evidence contained in the record as a whole. Accordingly, we reverse the judgment and remand the cause with directions to the trial court to enter a judgment denying Chandler’s claim for workers’ compensation benefits.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.