MONROE, Judge,
dissenting.
I believe that Chandler did not have a preexisting hernia for workers’ compensation purposes, based on this court’s holding in Schlumberger Industries, Inc. v. Moore, 656 So.2d 818 (Ala.Civ.App.1994), and Sam’s Place v. Middleton, 39 Ala.App. 481, 103 So.2d 812 (1958), 41 Ala.App. 13, 122 So.2d 924 (1959), aff'd, 271 Ala. 226, 122 So.2d 925 (1960). Therefore, I believe that Chandler has met the five requirements to be awarded workers’ compensation benefits for a hernia under § 25-5-57(a)(6)a, Ala.Code 1975, and that the judgment of the trial court awarding benefits to Chandler should be affirmed.
The record reveals that Chandler was able to perform his job without restrictions or difficulty. In Schlumberger Industries and Sam’s Place, this court found that if an employee who had a hernia prior to the on-the-job injury was able to perform his duties before the latest injury, then no pre-existing condition existed for workers’ compensation purposes.
In Schlumberger Industries, the employee had suffered a number of recurrent hernias in the same location. His doctor testified that the hernia for which he sought workmen’s compensation occurred along the incision of earlier surgery to repair his prior, hernias. Using the majority’s rationale, the employee in that case would also have had a pre-existing condition. However, this court specifically held that the law regarding whether an employee had a pre-existing hernia for workmen’s compensation purposes is that “[i]f the employee was able to perform his duties before the latest injury, then no pre-existing condition was present, for compensation purposes.” Schlumberger Industries, supra, at 820.
The majority attempts to distinguish Schlumberger Industries by arguing that in that case the employee’s previous hernias had been corrected. The question that should properly be before this court is *561 whether the employee could perform his duties before the latest injury, not whether his previous injury had been fully repaired or whether, as in Sam’s Place, the employee had been injured in a specific accident. The facts upon which the majority attempts to distinguish Schlumberger Industries and Sam’s Place are irrelevant to the issue that should be considered by this court.
ROBERTSON, P.J., concurs.