130 So.2d 42

**Bobbie Nell STEWART**

v.

**BAKER'S ICE CREAM COMPANY, Inc., et al.**

**6 Div. 565.**

Supreme Court of Alabama.

May 11, 1961.

Parsons, Wheeler & Rose, Birmingham, for appellant.

Huie, Fernambucq & Stewart, Birmingham, for appellee.

STAKELY, Justice.

This is a petition for a writ of certiorari to the Circuit Court of Jefferson County, Alabama, to review its opinion and judgment in a Workmen's Compensation case. In this case the widow, Bobbie Nell Stewart, was denied compensation on the theory that her deceased husband, Don E. Stewart, was an independent contractor when he was killed in an accident while driving one of the appellee's trucks. The trial court held that under the evidence in the case, the deceased was not an employee of defendant within the meaning of the Workmen's Compensation Statute at the time of his death.

As bearing on the issues in the case, the findings of fact by the court will be set out in the report of the case.

The trial court, upon a consideration of all the facts, reached the following conclusions of law:

"The defendant interposed two defenses, viz: (a) the plaintiff's said deceased husband was not an employee within the meaning of the Workmen's Compensation Statute and; (b) that deceased, if found to be an employee within the said Statute, was not acting within the line and scope of his employment at the time and place he received his alleged injuries, in that he was not working within the territory assigned him.

"In the opinion of the court the deceased was not an employee of the defendant within the meaning of the Workmen's Compensation Statute at the time of his death and plaintiff is not entitled to compensation as claimed

in the complaint. The Court is of the opinion that this case is controlled by the decision in the case of Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74.

"A consideration of the defense that the deceased was not acting within the line and scope of his employment at the time of his death is unnecessary, however, the Court holds that the evidence does not bear out the defendant's position that deceased was not working within his assigned territory."

I. In Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74, 76, this court said:

"The compensation law does not apply where the injured person is an independent contractor, and the relation of employer and employee does not exist. It is not possible to lay down a hard and fast rule or state definite facts by which the status of men working and contracting together can be definitely defined in all cases as employee or independent contractor. Each case must depend on its own facts. Ordinarily, no one feature of the relation is determinative, but all must be considered together."

In Greenwald v. Russell, 233 Ala. 502, 172 So. 895, the court held that in order for there to be a relationship of employer-employee, the other party must retain the right to direct the manner in which the business shall be done as well as the result to be accomplished, or in other words, not only what shall be done but how it shall be done. See also, General Exchange Ins. Corp. v. Findlay, 219 Ala. 193, 121 So. 710; Republic Iron & Steel Co. v. McLaughlin, 200 Ala. 204, 75 So. 962; Martin v. Republic Steel Co., 226 Ala. 209, 146 So. 276; C. E. Adams & Co. v. Harrell, 257 Ala. 25, 57 So.2d 83.

In the instant case while up until the time Stewart left the place of business of the appellee, the company might be said to have some control over him, just as in Bir-

mingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74, it appears to be undisputed that from the time he left his place of employment in the morning at 8:00 a. m. until he returned at about 8:00 p. m., there was no control exercised over him. It is true that he was assigned to a definite territory and he was advised that it was best for him to travel up and down streets with regularity at approximately the same time during the day, just as in Birmingham Post Co. v. Sturgeon, supra, yet the method in which he would try to do his work was left completely and entirely up to him. The actual sale of the product was left completely up to him, as in Birmingham Post Co. v. Sturgeon, supra.

Since the court in its opinion states that this case is controlled by the decision in Birmingham Post Co. v. Sturgeon, supra, we point out the facts in the Birmingham Post Company case which we think are, in substance, the same as in the instant case:

1. In the Birmingham Post case, the papers delivered were to be returned or accounted for. In the case at bar, the ice cream delivered was to be returned or accounted for.

2. Sturgeon's name did not appear on the payroll in the Birmingham Post case. Stewart's name did not appear on the payroll in the case at bar.

3. In the Birmingham Post case, the lack of control while on the route is to be held a controlling feature. In the case at bar, the evidence is clear to the effect that there was no control by the company while the deceased was actually on the route.

4. In the Birmingham Post case, Sturgeon's compensation was the difference in the purchase price and the sale price. The deceased's compensation, in the case at bar, was the difference between the purchase price and the sales price.

5. The defendant's interest in the Birmingham Post case was in the sale of his

papers and not in the means by which the result was obtained. The defendant, Baker Ice Cream Company's interest was in the sale of its product, and not in the means by which the result was obtained.

6. In the Birmingham Post case, there is a comment to the effect that evidence that the defendant obtained insurance is a strong factor to be considered in determining whether or not there is a relationship of employer or employee. In the case at bar, it is true that the defendant obtained Workmen's Compensation Insurance but Thomas E. Yeager, the general manager of the company, stated that he purchased this insurance when he was manufacturing ice cream and when he had 25 or 30 employees. (At the time of the accident, the company had ceased to manufacture ice cream.) He stated further that the name of Stewart and the other drivers were not listed on the application for the Workmen's Compensation Insurance.

7. In the Birmingham Post case, Sturgeon received no compensation or salary. In the case at bar, Stewart received no compensation or salary other than the difference in the price paid and the price the product was sold for.

8. In the Birmingham Post case, the price of the paper was fixed, and in the case at bar the price of the product was fixed.

9. In the Birmingham Post case, the plaintiff was assigned a territory and in the Baker Ice Cream Company case, Stewart was assigned a territory.

10. There was no district supervisor or manager to supervise Sturgeon in the Birmingham Post case, and no district manager to supervise Stewart in the case here.

11. In the Birmingham Post case, credit was extended for one day, and in the case at bar, credit was extended for one day.

12. In the Birmingham Post case, Sturgeon could be discharged by refusing credit and in the case at bar, Stewart could have been discharged by refusing credit, and refusing the privileges of using the truck any further if the testimony of Mr. Yeager is to be believed.

It should be added that in the instant case, it is undisputed that the name of the deceased was not carried on the records of the company for social security purposes, for withholding tax purposes or for unemployment compensation purposes. The records of the company do show that the deceased was charged each morning with the amount of the product which he was to try to sell.

It is true that the truck which Stewart used belonged to the company and while there was a conflict in the evidence that the truck which he used after the first day or two bore the name of the company, this at best only created an administrative presumption that he was acting within the line and scope of his employment as an employee of the company and could be rebutted by clear and convincing evidence that he was not such an employee. The court resolved the question by holding that the deceased was an independent contractor. Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6.

This court has often held that on review of findings the judgment denying Workmen's Compensation will not be disturbed if there is any reasonable view of the evidence which will support the conclusion of the trial court. Williams v. Tennessee Valley Butane Co., 265 Ala. 145, 90 So.2d 84; Foster v. Continental Gin Co., 261 Ala. 366, 74 So.2d 474; Simpson v. Alabama Dry Dock & Shipbuilding Co., 269 Ala. 635, 114 So.2d 918.

We consider that there was evidence which reasonably supported the finding and judgment of the lower court and, accordingly, we will not disturb the findings and conclusion reached by the lower court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.