19353

The CITY OF GREENVILLE, Respondent, v. Dennis L. BRYANT and Donald Gary Childs, trading as Carolina Book Store, Appellants

(186 S. E. (2d) 236)

*Messrs. W. Richard James,* Greenville, and *Norman B. Smith* and *Michael K. Curtis,* Greensboro, N. C., *for Appellants,* cite:

*Messrs. W. H. Arnold* and *B. O. Thomason, Jr.,* Green-ville, and *John P. Wilson, Asst. Atty. Gen.,* Columbia, *for Respondent,* cite:

January 12, 1972.

LEWIS, Justice:

Appellants are engaged in the commercial sale of books, magazines, and other printed materials in the City of Greenville, South Carolina, under a license issued by the City to Carolina Book Shops. The issues in this appeal arise out of the revocation by the City of the foregoing business license because of the alleged sale thereunder by appellants of obscene magazines in violation of State and City laws.

In revoking the license in question, the City proceeded under Section 20-11 of the Greenville City Code. In accord with the directions of that section, City Council adopted and served upon appellants a resolution requiring them to show cause before the City Council on January 5, 1971, why the business license previously issued to Carolina Book Shops should not be revoked and cancelled because of the alleged sale at the place of business of certain named magazines on December 18, 1970, in violation of the obscenity laws of the City and State as found in Section 25-55, as amended, of the Greenville City Code and Section 16-414.2 of the 1970 Supplement to the 1962 Code of Laws of South Carolina.

The hearing scheduled for January 5, 1971 was, by agreement, postponed until January 26, 1971, at which time an adversary hearing was held before City Council. The parties, represented by counsel, were accorded full opportunity to present evidence. Without objection, the following magazines were introduced in evidence at the hearing, under a stipula-

tion and agreement between counsel that these magazines were offered for sale and sold by appellants at the store in Greenville: "Secret Affair"; "Orgy"; "Beauty Bazaar"; "Fiery Films"; "Blow, an Oral Eden"; "Kozy Kids No. 2"; "Yes, Friends, There Really is a Belly Button, Volume 2, No. 1"; "Cinema Scorchers, Volume 4, No. 6"; and "Best Smut of the Year."

After the above hearing, City Council unanimously voted to revoke the license theretofore issued to Carolina Book Shops, upon the ground that appellants had offered for sale and sold therein magazines which were obscene, in violation of the above mentioned City and State laws. Of the magazines introduced in evidence, the following were specifically found by City Council to be obscene: "Orgy"; "Secret Affair"; "Beauty Bazaar"; "Fiery Films"; "Cinema Scorchers, Vol. 4, No. 6"; and "Yes, Friends, There Really is a Belly Button, Vol. 2, No. 1."

Thereafter, upon timely application of appellants, the action of City Council was reviewed, under *certiorari,* by the Resident Judge of the Thirteenth Circuit. The matter was heard by the circuit judge upon the record and exhibits before City Council, after denying a request of appellants that additional testimony be heard by the court. Subsequently an order was filed affirming the action of City Council and appellants have prosecuted this appeal from that order.

The record shows that no action has been taken by the City to close Carolina Book Shops and that appellants have been permitted to continue to operate the business pending exhaustion of their remedies for judicial review of the action of City Council.

The revocation of the license is challenged here upon several grounds. First, appellants seek to challenge the validity of Section 20-11 of the Greenville City Code upon the grounds that the procedure provided therein for revoking a business license, as applied to sellers of allegedly obscene materials, is unconstitutional in that it fails to

accord to them rights guaranteed under the First and Fourteenth Amendments to the United States Constitution.

Questions now sought to be raised concerning the constitutional sufficiency of the procedures followed pursuant to Section 20-11 of the City Code were not raised in any of the proceedings below. Appellants were accorded an adversary hearing before City Council on the issue of the obscenity of the materials involved and a prompt judicial review of the determination of that issue. At no time did appellants contend, either before City Council or the lower court, that the procedures followed in determining the question of obscenity deprived them of any constitutional rights. Since these questions were not raised in the lower court, they are not available to appellants on appeal; and accordingly are not considered. *Wilson v. Clary,* 212 S. C. 250, 47 S. E. (2d) 618.

It is next contended that the refusal of the circuit judge to consider evidence, other than a certified copy of the proceedings before City Council, deprived appellants of their claimed right to a judicial determination of the question of obscenity in an adversary proceeding.

At the hearing before the circuit judge, counsel for appellants requested the court to hear additional testimony. This request was denied and only a certified copy of the proceedings before City Council was considered.

Counsel for the parties agreed that the matter would be heard by the lower court as if "on appeal and/or *certiorari*" from the ruling of City Council. The circuit judge therefore properly considered that the matter was before him on *certiorari.* Since the matter was before the court on *certiorari,* review was properly limited to the record of the proceedings and evidence upon which City Council acted in revoking the license. Appellants were not entitled to a trial *de novo. Whisonant v. Belue,* 127 S. C. 483, 121 S. E. 360; *City of Columbia v. S. C. Public Service Commission,* 242 S. C. 528, 131 S. E. (2d) 705.

The next question concerns the propriety of the consideration by the lower court of all magazines introduced in evidence before City Council. The original notice to appellants of a hearing on the question of the license revocation stated that certain named magazines had been purchased from Carolina Book Shops and that City Council believed their sale might constitute ground for revocation of the business license previously issued. The magazines named in the foregoing notice were: "Orgy", "Secret Affair", "Beauty Bazaar", and "Fiery Films." At the hearing before City Council however, in addition to these publications, five others were introduced in evidence, without objection, and considered in determining whether the license should be revoked. These same publications were, by agreement, included in the record which was submitted to the lower court in its consideration of the matter. Appellants now contend that the lower court erred in considering any publication except the four named in the original notice which brought the matter before City Council.

Appellants failed to object to the introduction of any of the publications at the original hearing and they were, without objection, considered by City Council in determining the issue of obscenity. In failing to interpose timely objection, appellants waived any objection which they might have had to the consideration of the publications in question in determining the issues before City Council and the lower court. *State v. White,* 215 S. C. 450, 55 S. E. (2d) 785.

We come now to the question of whether the publications are obscene.

The standards for determining obscenity are set forth in Section 25-55, *supra,* of the City Code and 16-414.1 of the Supplement to the South Carolina Code. The test under both sections is substantially the same. Section 16-414.1 was discussed in the recent decision in *State v. Burgin,* 255 S. C. 237, 178 S. E. (2d) 325. Section 25-55 of the City Code makes any publication or printed matter *obscene* if

(a) The dominant theme of the material of printed matter taken as a whole appeals to a prurient interest in sex.

(b) The material or printed matter is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters, and

(c) The material or printed matter is utterly without redeeming social value.

We will not attempt a separate or detailed description of the portrayals in each of the publications involved. They contained pictures in which both nude males and females are shown together in varied positions to actually portray or suggest sexual activity. The predominant, in fact, sole appeal of the publications is to a prurient interest in sex. No one would be so naive as to suggest that the publications or the pictures contained therein serve any artistic or moral purpose. Their sole purpose is to debase. Judged by any standard of decency, they are obscene and totally without redeeming social value.

The materials in question were obscene and the City had the power to prohibit their sale within the City limits.

We reject the view, advanced by appellants, that the sale by them of materials and publications of the type here involved is constitutionally protected. There is no constitutional guaranty of freedom to, traffic in obscenity and we refuse to redefine obscenity so as to afford such protection.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.