## 21516

Elizabeth M. GUERARD, Theodore B. Guerard, T. Ladson Webb, Anne M. Webb, Daneen A. Hitchcock, Rueben Hitchcock, Helen B. Jenkins, Agnes L. Stevens, Jane F. LaRoche, Micah J. LaRoche, Ellen W. Stevens and Constantine Y. Stevens, M. D., Appellants, v. William C. WHITNER and The South Carolina Coastal Council, Respondents.

(280 S. E. (2d) 539)

*John H. Bennett, Jr.,* Charleston, *for appellants.*

*Lucas C. Padgett, Jr., Christopher McG. Holmes,* Charleston and *Asst. Atty. Gen., Keith M. Babcock* and *State Atty. Evans Taylor Barnette,* Columbia, *for respondents.*

July 9, 1981.

HARWELL, Justice:

The appellants except to the order of the circuit judge which affirms the South Carolina Coastal Council's action in granting respondent William C. Whitner a permit to construct a marina. We affirm.

Appellants contend that the lower court erred by using a substantial evidence standard of review in affirming the decision of the respondent Coastal Council. Appellants, comprised of parties in opposition to the creation of a marina by Whitner on John's Island in Charleston County, allege that a complete de novo hearing should have been conducted by the circuit judge. We disagree.

The South Carolina Coastal Council is an administrative body which has been delegated the authority to oversee the development, management and preservation of the State's coastal zone. See, Sections 48-39-10 *et seq.*, Code of Laws of South Carolina (1976). Any person allegedly prejudiced by the Coastal Council's action relative to a coastal permit may file a petition in the circuit court having jurisdiction over the affected land "for a review of the council's action 'de novo' . . ." Section 48-39-180. (Emphasis added).

The appellants' contention that the "de novo review" as statutorily provided for mandates a hearing of all the evidence anew is settled by our observation in *Board of Bank Control v. Thomason*, 236 S. C. 158, 113 S. E. (2d) 544 (1960) that:

"In order not to offend the constitutional requirement as to separation of powers, statutes undertaking to give the courts de novo review of orders of administrative bodies exercising non-judicial functions are generally construed as provding for only a limited review." [Cited cases omitted.] 113 S. E. (2d) at 547.

We believe this rule is applicable in this case since the Coastal Council as an administrative entity can function as no more

than a quasi-judicial body at most. Any other interpretation of the contested language would eviscerate the judgment and expertise of the Coastal Council. Judicial discretion in a non-judicial field would be substituted for that of the appropriate administrative agency. This we cannot do. *Cole v. Manning,* 240 S. C. 260, 125 S. E. (2d) 621 (1962), appeal dismissed 372 U. S. 521, 83 S. Ct. 888, 9 L. Ed. (2d) 966 (1963); *Laws v. Richland County School District No. 1,* 270 S. C. 492, 243 S. E. (2d) 192 (1978).

The South Carolina Administrative Procedures Act, Sections 1-23-310 *et seq.,* Code of Laws of South Carolina (1976), provides, inter alia, for the judicial review of agency actions after the exhaustion of administrative remedies. Section 1-23-380(g), which concerns the scope of judicial review, provides:

(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on the question of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

We find that the substantial evidence standard for judicial review as stated in Section 1-23-380(g) is the proper standard for review of actions by the

Coastal Council.[1] The Coastal Council is clearly an "agency" defined by Section 1-23-310(1) of the Administrative Procedures Act and therefore subject to the terms of the Act, absent express legislative provisions to the contrary.

The circuit judge correctly adjudicated this matter. Having carefully reviewed the record we have found no prejudicial errors. Since a full opinion on the remaining exceptions would have no precedential value, we affirm pursuant to our Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.

[1] The "substantial evidence standard" has recently been interpreted and applied in *Lark v. Bi-Lo, Inc.,* S. C., 276 S. E. (2d) 304 (1981); *Schudel v. South Carolina Alcoholic Beverage Control Commission,* S. C., 276 S. E. (2d) 308 (1981); and *Ellis v. Spartan Mills,* S. C., 277 S. E. (2d) 590 (1981).