0129

TODD'S ICE CREAM, INC., Appellant, v. SOUTH CAROLINA
EMPLOYMENT SECURITY COMMISSION, Respondent.

(315 S. E. (2d) 373)

Court of Appeals

*Roger L. Couch,* of *Henderson, Lister, Couch & Brandt,* Spartanburg, *for appellant.*

*William H. Griffin* and *Karl H. Smith,* Columbia, *for respondent.*

March 19, 1984.

SHAW, Judge:

This is an appeal of a Circuit Judge's decision finding that the combination truck drivers-salesmen of the appellant-Todd's Ice Cream, Inc., (Todd's) were employees rather than independent contractors. If employees, Todd's must pay unemployment taxes on the wages it pays to the drivers. We affirm.

Todd's is in the ice cream business. It hires drivers-salesmen who drive the ice cream trucks owned by Todd's and sell Todd's products. Each driver signs an agreement with Todd's which refers to the driver as a "contractor" and states that an

independent contractor-employer relationship is created between the parties.

Under this agreement, the driver is paid on a commission basis. The driver is responsible for all loss of inventory. While the driver could sell products other than Todd's, only Todd's products are sold except for a few minor items such as candy and gum. A suggested price list as determined by Todd's is furnished to each driver.

Each driver pays for the gas his truck uses and provides routine maintenance; however, all major maintenance and repairs are Todd's responsibility unless the damage is caused by the drivers' own negligence. Todd's provides and pays for the insurance on the trucks.

Todd's maintains the retail business license necessary to conduct the business; the drivers have no retail business licenses of their own. Although each driver is given a suggested work area, the evidence clearly shows that each driver has an assigned territory which is well defined and always observed. Other than the work areas, Todd's maintains no control of or supervision over the drivers. These individuals set their own days and hours of work, observe no dress code and wear no uniforms, and move at will within their territories. Methods and routines of making sales are left entirely to the drivers who receive no training or directives as to sales procedures.

Finally, the agreement between Todd's and the drivers gives both parties that right to terminate the contract at will. Also, each driver signs a covenant not to compete in the sale or marketing of ice cream or any related product in a seventeen county area for three years following the termination of the contract.

The Deputy Division Director of the Unemployment Compensation Division of the Employment Security Commission, the Commission itself, and the Circuit Judge all ruled that Todd's drivers were "employees" within the common law definition of the word so that unemployment contributions were due on the wages paid to them. See Section 41-27-230(1)(b) of the 1976 South Carolina Code of Laws, as amended.

The initial question to be decided is as to the standard of appellate review. Prior to the enactment of the Admin-

istrative Procedures Act (APA) in Code Section 1-23-310, et seq., appeals from the factual findings of the Employment Security Commission were conclusive "if supported by evidence"; the jurisdiction of the courts was confined to questions of law. Section 41-35-750. This statute was interpreted to mean that a finding of fact by the Commission was not subject to review if supported by any evidence. *Hyman v. S. C. Employment Security Commission,* 234 S. C. 369, 108 S. E. (2d) 554 (1959).

The APA provides a different standard of judicial review of the final decision of an "agency". Section 1-23-380(a) and (g). An "agency" is defined as follows:

'Agency' means each state board, commission, department, or officer, other than the legislature or the courts, authorized by law to make rules or to determine contested cases. Section 1-23-310(1).

We think the South Carolina Employment Security Commission is clearly an "agency" within the meaning of Section 1-23-310(1). The Commission is authorized by law to make rules (Section 41-29-110) and to hear and decide contested cases (Section 41-35-610 *et seq.*).

Our decision is supported by recent Supreme Court opinions holding that the standard of judicial review of cases initially heard by an administrative agency is governed by the APA: *Lark v. Bi-Lo,* 276 S. C. 130, 276 S. E. (2d) 304 (1981) (Industrial Commission); *Guerard v. Whitner,* 276 S. C., 521, 280 S. E. (2d) 539 (1981) (Coastal Council); *Schudel v. S. C. Alcoholic Beverage Control Commission,* 276 S. C. 138, 276 S. E. (2d) 308 (1981) (Alcoholic Beverage Control Commission).

The repeal of a statute by implication is not favored by the courts. *Craig v. Bell,* 211 S. C. 473, 46 S. E. (2d) 52 (1948). However, the legislative intent as implied from the provisions of the APA, that Act's legislative history, and the line of Supreme Court cases cited above, are overwhelming evidence of the intent to repeal the scope of review provisions of cases originating from an administrative agency as defined in Section 1-23-310(1). *Lark v. Bi-Lo, supra.* We therefore hold that the scope of review provision of Section 41-35-750 (and only that part of the statute) is repealed and supplanted by the scope of review of Section 1-23-380(g).

Section 1-23-380(g) sets forth what is commonly known as the substantial evidence rule. Under the substantial evidence rule, this court may reverse or modify an administrative decision if such decision is affected by errors of law, characterized by an abuse of discretion, or clearly erroneous in view of the substantial evidence on the whole record. "Substantial evidence" is something less than the weight of the evidence; it is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached in order to justify its action. The substantial evidence rule does not allow judicial fact-finding, or the substitution of judicial judgment for agency judgement. A judgment upon which reasonable men might differ will not be set aside. *Lark v. Bi-Lo, supra.*

The Employment Security Commission determined that Todd's drivers were employees. In determining whether an individual is a servant (employee) or an independent contractor, the proper test to be applied is not the actual control exercised by the alleged master, but whether there exists the right and authority to control and direct the particular work or undertaking, as to the manner or means of its accomplishment. *Anderson v. West,* 270 S. C. 184, 241 S. E. (2d) 551 (1978); *DeBerry v. Coker Freight Lines,* 234 S. C. 304, 108 S. E. (2d) 114 (1959). The principal factors showing right of control are: (1) direct evidence of right or exercise of control, (2) method of payment, (3) furnishing of equipment, and (4) right to fire. *S. C. Industrial Commission v. Progressive Life Ins. Co.,* 242 S. C. 547, 131 S. E. (2d) 694 (1963); *Chavis v. Watkins,* 256 S. C. 30, 180 S. E. (2d) 648 (1971).

The contract entered into by the parties must be considered in determining the nature of their relationship and has considerable weight. However, neither of the parties control the legal effect of the contract by the language used therein. *Young v. Warr,* 252 S. C. 179, 165 S. E. (2d) 797 (1969).

There appears to be no South Carolina cases involving factual circumstances similar to the case at hand. The two leading cases involving driver-salesmen engaged in selling ice cream products are *Ogozolek v. Administrator,* 22 Conn. Sup. 100, 163 A. (2d) 114 (1960), and *Stewart v. Baker's Ice Cream,* 272 Ala. 147, 130 So. (2d) 42 (1961). In *Ogozolek,* the drivers were found to be employees; in *Stewart,* independent contrac-

tors. Both of these cases provide remarkably similar facts to the facts of the instant case.

We find that there is substantial evidence to support the Commission's decision that the drivers are employees. Todd's furnished the piece of equipment most necessary to sell the ice cream—the trucks. Todd's owned the license which allowed the trucks to be lawfully operated. Todd's purchased the business license. Todd's also provided the insurance and the major repairs on the trucks. In addition to supplying the necessary equipment and supplies, Todd's also gave certain territories within which each driver was assigned to work. Evidence also showed that the drivers bought and sold other supplier's products such as candy and chewing gum; however this as a very small part of each driver's volume.

The critical distinction between the *Ogozolek* and *Stewart* cases cited above is that in *Stewart* the lower court ruled that the drivers were independent contractors. The Alabama Supreme Court refused to disturb the finding on appeal since there was evidence which reasonalby supported the finding of the lower court.

We are faced with the same situation. Where the evidence relating to whether an individual is an independent contractor or employee is conflicting or where more than one inference can be derived therefrom, the question is one of fact. *Young v. Warr, supra.* This court cannot substitute its judgment for that of an administrative agency when the agency's factual findings are supported by substantial evidence, as is the case here, even though reasonable men might draw two inconsistent conclusions from the evidence presented. *Lark v. Bi-Lo.*

Todd's requests in its brief that, should this court affirm the Circuit Court's order, the unemployment taxes be applied prospectively only. Section 41-31-310 allows the Commission to institute an action for all unemployment taxes due within the past four years. No part of the Circuit Court's order deals with the collection of these taxes. Further, no exception was made by Todd's on this matter. Thus, the issue was not raised in the Circuit Court, not adjudicated, and cannot be considered on appeal. *Wilson v. Clary*, 212 S. C. 250, 47 S. E. (2d) 618

(1948); *City of Greenville v. Bryant,* 257 S. C. 448, 186 S. E. (2d) 236 (1972).

Accordingly, the judgment below is

Affirmed.

SANDERS, C. J., and BELL, J., concur.