1887

CONCORD STREET NEIGHBORHOOD ASSOCIATION, and the League of Women Voters of Charleston County, Appellants v. George E. CAMPSEN, Jr., and South Carolina Coastal Council, Respondents.

(424 S.E. (2d) 538)

Court of Appeals

*James S. Chandler, Jr.*, Pawleys Island, and *Susan J. Herdina*, Charleston, *for appellants.*

*Thomas Dewey Wise, C.C. Harness, III*, and *Nancy B. Tecklenburg*, Charleston, *for respondents.*

Heard Sept. 16, 1992; Decided Nov. 9, 1992.

Reh. Den. Dec. 2, 1992.

CURETON, Judge:

This case involves a permit to build a restaurant partly within the critical zone of the waters of the Cooper River in Charleston Harbor. George Campsen sought a permit to construct a restaurant as part of a joint project with the proposed South Carolina Marine Science Museum and the National Park Service Fort Sumter Tour Boat Facility. The South Carolina Coastal Council approved the permit application. An appeal was taken to the circuit court by 330 Concord Street Neighborhood Association and the League of Women Voters of Charleston County. The circuit court affirmed the decision of the Coastal Council. The order of the circuit court was appealed. We affirm.

George Campsen has been a concessionaire with the National Park Service for the Fort Sumter tour boats since the 1960's. The Park Service has been looking for a new landing

facility for the tour boats. A proposal was conceived by the National Park Service, the City of Charleston, and Mr. Campsen to construct an aquatic science museum, tour boat facility, and a restaurant at a site on the Cooper River in Charleston County. The restaurant would be privately owned by Mr. Campsen. The tour boat facility would be owned by the National Park Service and the aquatic science museum would be owned by the City of Charleston. The plans envisioned a common parking area and public promenade. All the buildings as planned encroached upon the critical zone in some degree. Permits were issued by the Coastal Council for the aquarium and tour boat facility. These permits are not in issue.

As originally conceived, the restaurant was 31,000 square feet. This concept was downsized to 19,950 square feet and the building was moved landward. Under the revised plan, approximately 3200 square feet are within the mudflat area. Of this amount 1400 square feet is above mean high water in an area covered by concrete rubble and 1800 square feet is below mean high water. The environmental impact is the effect on primary productivity from shading caused by the restaurant. Shading would affect organisms that use sunlight for photosynthesis.

The parties agree the restaurant is a "nonwater dependent structure" as defined by Coastal Council regulations. *See* 23A S.C. Code Ann. Regs. 30-1(C)(10) (1983). Under council's regulations, a "nonwater dependent structure" is prohibited from being constructed in critical areas "unless there is no significant environmental impact, an overriding public need can be demonstrated and no feasible alternatives exist." *Id.* at 30-12(M).

Coastal Council issued a permit for the restaurant after finding the project satisfied the three criteria under the regulation. Upon appeal to the circuit court, the court affirmed the decision of Coastal Council holding substantial evidence supported the factual findings and there had been no abuse of discretion by the Council. Our appellate review is also governed by the substantial evidence standard in the South Carolina Administrative Procedures Act. *Guerard v. Whitner*, 276 S.C. 521, 280 S.E. (2d) 539 (1981) (Coastal Council is an agency under the Act); *Carter v. S. C. Coastal Council*, 281 S.C. 201, 314 S.E. (2d) 327 (1984).

The appellants argue the circuit court erred in its holding that substantial evidence supported a finding that the proposed restaurant met all of the criteria for a non-water dependent structure. We affirm the circuit court.

The first criterion is "no significant environmental impact." Both sides presented expert witnesses in the field of biology. These witnesses examined the site and analyzed the effect of shading upon the productivity of the estuarine system. They disagreed about the significance of the environmental impact.

The appellants also assert the Coastal Council failed to follow its precedent. The appellants introduced evidence of a prior administrative decision of Coastal Council which denied a permit for an already built packing plant that shaded less area in the mudflats than would be covered by the Campsen restaurant. Coastal Council denied the permit finding there was a significant environmental impact from the shading and "the possible cumulative effects of this type of development could be devastating to the coast line of South Carolina."[1] Appellants assert Coastal Council ignored this precedent and did not consider the cumulative effects of similar development when considering the restaurant permit.

Under the substantial evidence test, the possibility of drawing two inconsistent conclusions from the evidence does not prevent the agency's decision from being supported by substantial evidence. *Lark v. Bi-Lo Inc.*, 276 S.C. 130, 136, 276 S.E. (2d) 304, 307 (1981). An administrative agency is generally not bound by the principle of *stare decisis* but it cannot act arbitrarily in failing to follow established precedent. *Courtesy Motors Inc. v. Ford Motor Co.*, 9 Va. App. 102, 384 S.E. (2d) 118 (1989). Given the conflicting expert opinions, we find the conclusion of the agency on the issue of environmental impact is supported by substantial evidence. As to the precedential effect of the prior administrative decision, we have examined the record in this case and the order from the prior case. While they both deal with mudflat areas, there appear to be distinguishing factors between the cases. Most notably, nothing in the prior case suggests

---

[1] Joseph E. Backman, Coastal Council P/N 84-3S-157 (Final Administrative Order dated January 29, 1986).

any of the public benefits involved in this case. We do not find Council acted arbitrarily in failing to follow its prior decision.

## II.

The second criterion is whether "an overriding public need can be demonstrated." Both the Coastal Council and the circuit court found the record established the public need for the restaurant at the proposed site. The term "overriding public need" is not defined in Coastal Council's statutes and regulations.

In finding "public need," the Coastal Council and the circuit court outlined the testimony of various witnesses at the hearing. Only the respondents presented evidence on this point. The witnesses stated the restaurant was an integral part of the three-phase development consisting of the aquatic science museum, tour boat facility, and restaurant. The plans had been coordinated to have a common-use parking facility and public promenade between the buildings. Although the museum and tour boat facility would still be built if the permit for the restaurant was denied, the witnesses stated the restaurant would provide a needed food service to the public. No other restaurant was within walking distance and the witnesses testified their expectation was people would spend several hours visiting the museum and taking the boat tour. The presence of the three facilities in one location was considered an advantage to tourism. Several witnesses also testified the restaurant would provide jobs for people living in a nearby economically depressed area. Development of this area in this manner was consistent with the City of Charleston's tourism management plan.

Appellants assert the Council and court improperly evaluated "public need" by equating it with "public want" and "public support." In other words, they contend public need is not established simply because the public may want or generally support a project. They also argue the agency and court erred in viewing the evidence subjectively rather than objectively. We note the appellants' last argument seems to confuse evidence and analysis. The objective evidence in the case was the testimony and exhibits. However, the agency is required to exercise discretion in making its decision on the permit. In doing so, it must necessarily make a subjective judgment.

In considering whether there is substantial evidence of an overriding public need, we find persuasive prior case authority which holds evidence of a purely economic benefit is insufficient as a matter of law to establish an overriding public interest. *S.C. Wildlife Fed'n v. S.C. Coastal Council*, 296 S.C. 187, 371 S.E. (2d) 521 (1988). The council viewed the restaurant in conjunction with the museum and tour boat facility on this issue. There was no challenge by the appellants to the "public need" for the aquatic science museum and the tour boat facility. Considered in this context, we find substantial evidence to support the finding of the agency and the circuit court that "public need" had been established. The museum and tour boat facility will provide educational and recreational benefits to the public as well as an economic benefit to the community. Unlike the *S.C. Wildlife Federation* case, there is evidence of more than a purely economic benefit.

## III.

The third criterion is "no feasible alternatives exist." ■ In reviewing the evidence, the Coastal Council and the circuit court found the criterion had been met.

The respondents presented the testimony of the restaurant architect, restaurant consultant, and a real estate appraiser. Their testimony related to alternative floor plans for the restaurant, the need for service access, problems with setback restrictions, the value of offstreet parking in the city and the potential loss of parking spaces by further moving the restaurant, and the economic viability of a smaller restaurant. The appellants cross-examined these witnesses but did not offer evidence on this matter. Based upon the evidence, the agency and circuit court found the criterion was met.

Appellants' main argument is the evidence presented ■ by the respondents was opinion testimony which lacked a proper factual foundation and, thus, had no probative value. They assert the restaurant plan is an effort to put too much private commercial space into too small an area and there is no reason why the restaurant cannot be further downsized and removed entirely from the critical area. We have reviewed the testimony of the witnesses and cannot say as a matter of law the testimony has no probative value. Given our standard of review, we find no error since the con-

clusion reached by Coastal Council based upon the record before it is one a reasonable mind might have reached.[2]

Affirmed.

SHAW and BELL, JJ., concur.

---

[2] We are mindful of the admonition of the South Carolina Supreme Court to the bench and bar that in applying the substantial evidence rule in reviewing the decision of administrative agencies, the test must not be either judicial fact finding or a substitution of judicial judgment for agency judgment. *Lark v. Bi-Lo Inc.*, 276 S.C. 130, 136, 276 S.E. (2d) 304, 307 (1981).