512

500 S.E.2d 481

**The STATE, Appellant,**

v.

**Kenneth L. TOOTLE, Respondent.**

**No. 24787.**

Supreme Court of South Carolina.

Heard April 7, 1998.
Decided May 11, 1998.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Dean H. Secor, and Senior Assistant Attorney General Charles H. Richardson, Columbia, for appellant.

Ralph V. Baldwin, Jr., Beaufort; and James B. Richardson, Columbia, for respondent.

MOORE, Justice:

The State appeals an order admitting respondent Tootle to a pretrial intervention program (PTI). We reverse.

## FACTS

Tootle is an attorney admitted to practice in this State. He failed to file State income tax returns for eight tax years (1985–88 and 1990–93) and was indicted for violating S.C.Code Ann. § 12–54–40(b)(6)(c) (Supp.1997).[1] Tootle applied to the chief administrative judge of Beaufort County to be admitted to PTI. The Attorney General [2] objected on three grounds: 1) the chief administrative judge has no authority to admit a defendant to PTI; 2) Tootle is an attorney and therefore PTI is not appropriate; and 3) the South Carolina Department of

---

1. Under this section, failure to file a return is a misdemeanor punishable by a fine of $10,000 and/or one year in prison. It is undisputed Tootle was entitled to a refund for each of the years he failed to file.

2. Attorney General Condon prosecuted this case in his capacity as chief prosecuting officer of the State. *See* S.C. Const. Art. 5, § 24; *see also* S.C.Code Ann. § 1–7–100(2) (1986) (when interest of State requires, Attorney General shall be present and have the direction and management of any cause in which the State is a party or interested).

Revenue opposes PTI for tax law violators. Over the Attorney General's objection, the chief administrative judge found he had the authority to admit Tootle into the PTI program and that PTI was appropriate in this case.

## ISSUE

■ Does the chief administrative judge have the authority to admit an applicant to PTI over the prosecutor's objection?

## DISCUSSION

An offender makes application for PTI under S.C.Code Ann. § 17–22–100 (Supp.1997) which provides for application "to an intervention program or to the chief administrative judge of the court of general sessions." This section further provides:

Applications received by the chief administrative judge of the court of general sessions under this section may be preliminarily approved by the judge pending a determination by the pretrial office that the offender is eligible to participate in a pretrial program pursuant to sections 17–22–50 and 17–22–60. Applications received by the chief administrative judge of the court of general sessions . . . must be forwarded to the pretrial office. (emphasis added).

The underscored language of this section provides the chief administrative judge may give only preliminary approval. This approval is contingent upon the determination of eligibility under the two statutes governing PTI eligibility, S.C.Code Ann. §§ 17–22–50 and –60 (Supp.1997),[3] a determination expressly left to the "pretrial office" which is under the direct supervision of the circuit solicitor. *See* S.C.Code Ann. § 17–22–30(C) (1985). The judge has no discretion but must forward any application he receives to that office. Thus, § 17–22–100 vests final approval in the circuit solicitor or, in this case, the Attorney General.[4]

---

3. Section 17–22–50 specifies that certain persons may not be considered and § 17–22–60 provides PTI "is appropriate only where" seven standards of eligibility are met.

4. In finding he had the authority to admit Tootle to PTI, the judge looked to S.C.Code Ann. § 17–22–80 (Supp.1997) which provides in part:

Moreover, under this statutory scheme, the judge cannot overrule the solicitor's objection to an applicant's admission to PTI without running afoul of our constitutional provision requiring a separation of powers. *See* S.C. Const. Art. 1, § 8. A circuit judge is a member of the judicial department and cannot constitutionally exercise the function of a member of the executive department. *State ex rel. McLeod v. Yonce*, 274 S.C. 81, 261 S.E.2d 303 (1979). The solicitors and Attorney General are members of the executive branch of government. *See* S.C.Code Ann. § 1–1–110 (Supp.1997).

As provided in § 17–22–100, the determination of PTI eligibility under §§ 17–22–50 and –60 is left to the executive branch. Further, these sections establish minimum requirements for PTI eligibility but do not mandate that anyone who meets these criteria *must* be admitted to PTI. There is no legal right or entitlement to PTI and no factual determination is required to support its denial. A determination of PTI ineligibility is therefore a completely discretionary executive decision and not reviewable by the judicial department. *See Rose v. Beasley*, 327 S.C. 197, 489 S.E.2d 625 (1997) (under our separation of powers doctrine, judicial discretion cannot be substituted for that of an executive body); *State v. Thrift*, 312 S.C. 282, 440 S.E.2d 341 (1994) (judicial department cannot infringe on unfettered prosecutorial discretion).[5]

---

In each case involving admission to an intervention program, the solicitor or judge, if application is made to the court pursuant to Section 17–22–100, shall consider the recommendations of the law enforcement agency and the victim, if any, *in making a decision*. The judge found the reference to the judge's "making a decision" supported the conclusion he had authority to admit a defendant to PTI. Read in conjunction with § 17–22–100, however, the judge makes a decision but it is limited to whether he should *preliminarily approve* the applicant for final approval by the circuit solicitor.

5. On the other hand, where an executive decision is not completely discretionary and a fixed legal right or entitlement depends upon an executive's factual determination, the court has limited review and may set aside a decision that is illegal, arbitrary, or unsupported by any substantial evidence. *Bd. of Bank Control v. Thomason*, 236 S.C. 158, 113 S.E.2d 544 (1960) (licensing case); *see also Rose, supra* (limited review of executive decision removing officer for misconduct); *Guerard v. Whitner*, 276 S.C. 521, 280 S.E.2d 539 (1981) (limited review of agency decision issuing permit).

516

We hold the chief administrative judge erred in substituting his discretion for that of the Attorney General and admitting Tootle to PTI.[6]  Accordingly, the order of the circuit court is

**REVERSED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.

---

**6.**  The judge's finding that the Attorney General's refusal to admit an attorney to PTI constituted selective prosecution violative of equal protection does not validate Tootle's admission to PTI.  Equal protection allows a defendant to challenge *a sentence or conviction* on the ground it is the *result* of selective enforcement of a criminal law.  *See McCleskey v. Kemp,* 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).  Here there has been no conviction.  Equal protection does not expand the court's power to infringe on the initial exercise of prosecutorial discretion.