THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John R. Cammer, Jr., Personal Representative of the Estate of
 John R. Cammer, Sr., Appellant,
 v.
 Thomas B. Ferguson, Jr., M.D., Respondent.     
 
 
 

Appeal From Charleston County
Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No.  2009-UP-366
Heard May 13, 2009  Filed June 25, 2009

AFFIRMED 

 
 
 
 Justin
 S. Kahn, and Ellis I. Kahn, both of Charleston, for Appellant.
 Molly
 H. Craig, Robert H. Hood, and Jennifer F. Nutter, all of Charleston, for
 Respondent.
 
 
 

PER
 CURIAM:  In
 this medical malpractice action, John R. Cammer, Jr. asserts the trial court
 erred in finding Dr. Thomas B. Ferguson, Jr. was an employee of a charitable
 organization and entitled to the protections under Section 33-56-180(A) of the
 South Carolina Code (2006).[1] 
 Cammer further asserts the trial court abused its discretion in excluding
 certain expert testimony and in limiting cross examination concerning Dr.
 Ferguson's credibility and qualifications.  We affirm pursuant to Rule 220(b),
 SCACR, and the following authorities: Todd's Ice Cream, Inc. v. S.C.
 Employment Sec. Comm'n, 281 S.C. 254, 259, 315 S.E.2d 373, 376 (Ct. App.
 1984) ("Where the evidence relating to whether an individual is an
 independent contractor or employee is conflicting or where more than one
 inference can be derived therefrom, the question is one of fact."); Townes
 Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775
 (1976) (stating questions of fact in law actions are subject to review under
 the any evidence standard); Gamble v. Int'l Paper Realty Corp. of South
 Carolina, 323 S.C. 367, 373, 474 S.E.2d 438, 441 (1996) (the admission or
 exclusion of evidence is a matter within the sound discretion of the trial
 court and will not be disturbed on appeal absent clear abuse); Rule 403, SCRE (allowing
 exclusion of evidence where its probative value is outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the jury). 
AFFIRMED.
HUFF,
PIEPER, and GEATHERS, JJ., concur.

[1] The parties
 consented to the resolution of this issue by the trial judge rather than the
jury.